Dear Mayor Hawkins:
This office is in receipt of your request for an opinion of the Attorney General. Your questions are as follows:
 1. If a nineteen year old is hired as a police officer, is it legal for someone else to purchase the gun that he will be using in his position as a police officer since he is prohibited by age from a purchase;
 2. Is there a statute setting a minimum age for a law enforcement officer, or that states what age law enforcement officers must be to attend the police academy;
 3. Is the council of a municipality able to reject the appointment of a police officer that an elected police chief might be interested in hiring, and if not accepted by the council, can the police chief hire that individual anyway.
Under federal law, 18 U.S.C. § 922(b)(1), it is unlawful to sell or deliver any firearm, other than a shotgun or rifle, to anyone who is less than twenty-one. However, an exception is made in sales for use by any State, or any department, agency or political subdivision thereof, which would exempt a police officer for your community, 18 U.S.C. § 925. We understand that police officers may make such purchases with proper identification as to their status as a police officer, and note that the prohibition of R.S. 14:95 relative to illegal carrying of a weapon does not apply to persons vested with police power while in the performance of their lawful duties.
La. R.S. 40:2404 mandates any person who begins employment as a peace officer in Louisiana after January 1, 1986 "must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment." However, we find no state law that sets a minimum age for attendance in the training course or for employment as a law enforcement officer, and the Council of Peace Officer Standards and Training has indicated they have no minimum age restriction.
We are informed that you are a Lawrason Act community and R.S.33:423 is pertinent to your inquiry in regard to hiring police officers. It provides that in those municipalities which have an elected chief of police "he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, * * * and for dismissal of police personnel."
This office has recognized that R.S. 33:423 provides the actual appointment power of police personnel is vested in the mayor and board of aldermen, although the appointment of a police officer must have the recommendation of the Chief of Police. Atty. Gen. Op. Nos. 90-316, 88-534. However, the governing authority may reject the recommendation of the chief of police, and he cannot hire that individual.
We hope this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0471f